# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

J Brockton Holbert,

          Debtor.

Chapter 7
Case No. 21-50100

Erik A. Ahlgren, Trustee,

          Plaintiff,

    vs.

Adv. Pro. 21-05006

Lucinda Miller,

          Defendant.

## TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Erik A. Ahlgren, trustee in the above referenced case and plaintiff herein ("Trustee") submits this response to the motion to dismiss filed by Lucinda Miller ("Defendant") as Document No. 10 in the above-reference adversary proceeding. The Defendant's motion asks this court to dismiss the Trustee's complaint under Federal Rule of Civil Procedure 12(b)(6), incorporated into the Federal Rules of Bankruptcy Procedure as Rule 7012(b)(6).

### STANDARD OF REVIEW

"To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' "

*McShane Constr. Co. v. Gotham Ins. Co.,* 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must view all facts in the light most

favorable to the plaintiff and resolve all factual disputes in the plaintiff's favor. *Janel*

*Russell Designs, Inc. v. Mendelson & Assocs., Inc.,* 114 F. Supp. 856, 861 (D. Minn.

2000). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *McShane,* 867 F.3d at 927 (quoting *Iqbal*, 556 U.S. at 678).

1. **THE BANKRUPTCY COURT HOLDS PROPER SUBJECT MATTER JURISDICTION OVER PREFERENCE CLAIMS.**

The Trustee's adversary complaint asserts that the Defendant received a

payment that may be avoided as preferential under 11 U.S.C. § 547.  The payment made

by the Debtor to the Defendant was in settlement of a lawsuit entitled *Lucinda L. Miller*

*v. J Brockton Holbert, Noble Wear, Ltd., Water and Woods Gallery and Gifts, Inc. d/b/a Pacific*

*and Maine*, Court File No. 48-CV-15-2178 commenced in the Mille Lacs County District

Court. During the course of litigation, the State Court ordered that a jointly owned

residential property be sold and that the proceeds be deposited with the court. On

December 4, 2020, the net proceeds from the sale of the Property in the total amount of

$709,690.97 were distributed pursuant to the Court's order, with $596,094.72 being paid

to Guzior Armbrecht Maher IOLTA Account, the trust account of Defendant's attorney.

Based on Defendant's half-interest in the Property, one-half of the net proceeds

($354,845.49) was a distribution in satisfaction of her interest in the Property and the

remainder ($241,249.23) was a repayment of unsecured debt in settlement of the claims asserted by the Defendant in the state court action.

The Defendant improperly claims that this court lacks subject matter jurisdiction over the Trustee's preference claim based on the Rooker-Feldman doctrine. The Rooker–Feldman doctrine gets its name from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine states the general rule that lower federal courts lack subject matter jurisdiction over claims that seek to review or modify a state court judgment. Here, the Rooker-Feldman doctrine does not apply because the present action does not seek to review or modify the state court judgment in any way. Rather, the Trustee's complaint seeks a finding that the Debtor's settlement payment (properly made pursuant to the State Court's judgment) constituted a preference avoidable under 11 U.S.C. § 547.

It is the long-held rule that a payment in settlement of litigation is the proper basis for a preference claim. See *In re Bioplasty, Inc.*, 155 B.R. 495 (Bankr.D.Minn.1993). While a preference complaint seeking the return of settlement payments does not seek to review or modify the underlying state court judgment, even if it did, such actions are excepted from the general rule of the Rooker-Feldman doctrine.  The Ninth Circuit has held:

> Under the modern statutory structure, the principle that there should be no appellate review of state court judgments by federal trial courts has two particularly notable statutory exceptions: First, a federal district court has original jurisdiction to entertain petitions for habeas corpus brought by state prisoners who claim that the state court has made an error of federal law ...

Second, a federal bankruptcy court has original jurisdiction under which it is "empowered to avoid state judgments, see, e.g., 11 U.S.C. §§ 544, 547, 548, 549; to modify them, see, e.g., 11 U.S.C. §§ 1129, 1325; and to discharge them, see, e.g., 11 U.S.C. §§ 727, 1141, 1328."

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)(citation omitted); See also, *In re Knapper*, 407 F.3d 573, 583 n. 22 (3d Cir.2005)("bankruptcy courts are empowered to avoid state judgments, see, e.g., 11 U.S.C. §§ 544, 547, 548, 549; to modify them, see, e.g., 11. U.S.C. §§ 1129, 1325; and to discharge them, see, e.g., 11 U.S.C. §§ 727, 1141, 1328 . . .").

Because the Bankruptcy Court holds proper subject matter jurisdiction over preference complaints, the Defendant's motion should be denied.

2. **THERE ARE NO INDISPENSABLE PARTIES MISSING FROM THE TRUSTEE'S COMPLAINT.**

Federal Rule of Civil Procedure 19, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7019, governs the addition of indispensable parties. Rule 19(a)(1) states in pertinent part:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Under Federal Rule of Civil Procedure 19, a nonparty is indispensable to an action if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty." *U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998).

The Defendant has named several parties including the Debtor, as transferor, and subsequent transferees of the Defendant. The Debtor is not an indispensable party because he voluntarily conveyed his interest in the property. See *Allan v. Moline Plow Co*, 14 F.2d 912, 915 (8th Cir. 1926)("the grantor is not an indispensable party defendant [in an avoidance action] where he has retained no interest, either legal or equitable, in the property conveyed"). Moreover, subsequent transferees are not indispensable parties.[1] See *Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 845 (8th Cir. 2010)(Section 550 allows the trustee to recover from either the initial transferee or any subsequent transferee and may "pick his named defendant")(citation omitted); See also *In re Michigan BioDiesel, LLC*, 510 B.R. 792, 801 ("the court does not regard subsequent transferees as 'indispensable' to an avoidance action").

---

[1] While Guzior Armbrecht Maher, the law firm that represented Defendant in the underlying State Court action, is not an indispensable party, the Trustee has requested that the Defendant consent to amending the complaint to add the law firm as a defendant based on subsequent transferee liability under 11 U.S.C. § 550(a)(2). See *In re Southmark Corp.,* 242 B.R. 330 (Bankr.N.D.Tex.1997), affirmed in relevant part 239 F.3d 365 (5th Cir. 2000)(Proxy contestant's law firm, as "subsequent transferee" of $1 million of debtor's funds, could not avail itself of the statutory defense to preference recovery, where law firm knew facts that would have led a reasonable person to believe that debtor's $3.3 million payment to proxy contestant could have been avoided as a preferential transfer if debtor filed for bankruptcy protection, even though law firm did not know that debtor was going to file a bankruptcy petition.).

It is the Defendant's burden to show the required elements for finding a party to be indispensable under Federal Rule of Bankruptcy Procedure 7019. *In re Racing Services, Inc.,* 594 B.R. 678, 686 (Bankr. D. N.D. 2018). Because the Defendant has failed to make any showing that the named parties are indispensable, the Defendant's motion should be denied.

**3. MINN. R.CIV.APP.P. 104.01 IS INAPPLICABLE TO THE PRESENT ACTION.**

The present action is not seeking an appeal of the State Court judgment for the reasons discussed in Section 1 of this response regarding the Rooker-Feldman doctrine. For the reasons discussed Section 1 above, Minn.R.Civ.App.P. 104.01 is wholly inapplicable to the present matter.

**4. DEFENDANT'S MOTION TO DISMISS BASED ON LACHES, WAIVER, UNCLEAN HANDS, ESTOPPEL AND THE STATUTE OF LIMITATIONS MUST BE DENIED.**

The Debtor filed for bankruptcy on February 20, 2021. The first meeting of creditors was held on March 25, 2021. The present complaint was commenced approximately four months later, following an investigation of the underlying circumstances, and arises from a transfer that occurred within 90 days of the Debtor's bankruptcy filing. There is no basis for alleging laches, waiver, unclean hands, estoppel or a statute of limitations defense in support of Defendant's motion to dismiss. Rather, the Defendant uses these legal theories to restate her essential claim that the State Court action precludes the Bankruptcy Court's jurisdiction over the present preference action. However, the law is clear that a payment in settlement of litigation is the proper basis for a preference claim. See *In re Bioplasty, Inc.,* 155 B.R. 495 (Bankr.D.Minn.1993). And,

for the reasons discussed above in section 1 of this response, the Bankruptcy Court has proper jurisdiction to hear and decide the present preference action.

**CONCLUSION**

The Trustee respectfully requests that the Defendant's motion to dismiss be denied.

AHLGREN LAW OFFICE, PLLC

Dated: October 11, 2021 /e/Erik A. Ahlgren
Erik A. Ahlgren, Attorney #191814
Sarah C. Duffy, Attorney #0393621
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
erik@ahlgrenlawoffice.net
sarah@ahlgrenlawoffice.net

ATTORNEYS FOR TRUSTEE